[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The 44 year old plaintiff wife and the 45 year old defendant husband were married on September 6, 1968 in Rocky Mount, North Carolina. Three children were born of the union, two of whom are minors, Jason born January 15, 1974 and Joshua born September 18, 1975.
At the time of the marriage, the plaintiff was employed as a CT Page 10340 bookkeeper. Since then she has operated a state licensed home day care business, bred dogs, and more recently served as bookkeeper for her husband's electrical contracting business until commencing the present suit for dissolution of the parties' marriage. This is the third such action for dissolution begun by the plaintiff in the last four years, two earlier suits having been terminated by reconciliations. The first separation occurred 19 years ago and the final separation of the parties occurred on February 28, 1991 when the defendant moved from the family home at plaintiff's request. He had returned home in November 1990 after a prior separation. The plaintiff is presently attending a local college, having earned 77 of the 120 credits needed for her B.A. degree.
The defendant, a high school graduate, served in the military doing a tour in Vietnam immediately after the marriage. He admitted the return to civilian life was difficult and the court infers it strained the marriage but did not contribute to its final breakdown.
The plaintiff alleged that the defendant was constantly abusive to her and to the children but she left the discipline of the children to the defendant. The plaintiff complained that the defendant stopped working on their house in the past two or three years but she has commenced dissolution actions during this same time. Prior to that time, the defendant had worked extensively on the house. The plaintiff claimed the defendant had many affairs with other women but no other evidence was produced to corroborate her claims.
The defendant did admit to grabbing or pushing the plaintiff and the court has no doubt the plaintiff was subjected to physical abuse.
The parties purchased their first house shortly after the defendant returned from Vietnam which they sold to acquire a new house in Wolcott that plaintiff values at $120,000 and defendant values at $189,500.
The defendant was employed as an electrician until about 1984 when he devoted full time to his own business which prospered through 1988. Since then the gross has greatly decreased to the point where he has no employees. Throughout this time, the plaintiff handled all of the billings, receipts, payments and draws for the business. After vacating the home, the defendant has been living in a 35 year old mobile home parked inside a warehouse.
The jointly owned Wolcott house is presently encumbered with the remaining balance of the first mortgage of $19,000; a second mortgage of $32,000 taken out in 1987 to finance the installation CT Page 10341 of a swimming pool, two automobiles, furniture, a computer and tuition; a third mortgage home improvement loan of $2,500; and a judgment lien held by Electric Speciality and Supply Company in the approximate amount of $23,000 encumbering the plaintiff's interest only, for she signed a personal guarantee for All-Phase, Inc., the parties' corporation.
The defendant's valuation of 634 Bound Line Road, Wolcott is supported by a written report made by Eugene G. Graveline, appraiser (Defendant's Exhibit #1A) which would mean that plaintiff's equity is worth $45,000 while defendant's equity is worth $68,000 since it is not encumbered by the lien.
The plaintiff attempted to prove that the defendant was the owner of land in Maine, (Plaintiff's Exhibit 11). He does hold legal title but the best evidence has convinced the court that the defendant is serving as a "straw man" for a friend.
The court, mindful of the statutory criteria, enters the following judgment.
1. A decree is entered dissolving the parties' marriage on the ground of irretrievable breakdown, the allegations of the complaint having been proven.
2. The defendant shall pay to the plaintiff the sum of $50 weekly as periodic alimony until her remarriage, the death of either party or December 31, 1999 which term is non-modifiable.
3. The defendant's interest in 634 Bound Line Road, Wolcott, Connecticut is assigned to the plaintiff in its present condition and subject to its present encumbrances. The defendant is ordered to execute a quit claim deed to the plaintiff and, if not forthcoming in 30 days, that his interest is ordered transferred per the statute.
The defendant shall pay the installments due on the three mortgages through December, 1991 and the plaintiff's responsibility will commence with the installments due in 1992. As ordered on March 3, 1991 the defendant is also to pay the utilities and insurance bills to the date of judgment.
4. The plaintiff's interest in All-Phase, Inc. is assigned to the defendant as his sole property.
5. The 1988 Ford Taurus auto is assigned to plaintiff as her sole property and the defendant shall take such steps as are necessary to effect this order.
6. The defendant shall satisfy the $9,000 claim of I.R.S. CT Page 10342 and he shall hold the plaintiff harmless and indemnified.
7. The plaintiff shall be solely responsible for the remaining liabilities listed on her affidavit except for the I.R.S. lien, Dr. Feldman, DDS and the Electric Speciality Supply Corp. judgment. The court has not shifted said judgment's responsibility but leaves the parties to any common law remedies as may exist in satisfying the creditor since both parties enjoyed the benefits of the family business when it prospered. The plaintiff shall bear 50% of the St. Mary's Hospital bill.
8. The defendant shall be solely responsible for Dr. Feldman, DDS and the liabilities listed on his affidavit except for the Electric Speciality judgment discussed above and 50% of the St. Mary's Hospital bill.
9. The contents of the marital home are awarded to the plaintiff except for any equipment, tools or items pertaining to All-Phase, Inc. or related to the defendant's trade; any remaining vehicles or motor vehicle parts except the Ford Taurus; a farm tractor; a rototiller; a boat and trailer; a CB radio and accessories thereto and any remaining clothing or personal items; all of which items the defendant may remove upon prior arrangement with plaintiff, with the assistance of counsel.
10. Sole custody of the two minor children is awarded to the plaintiff. Reasonable visitation rights are awarded to the defendant.
11. The defendant shall pay to the plaintiff, as child support, the sum of $100 weekly for each minor child.
12. The defendant husband shall continue the current medical health insurance coverage in force or an equivalent policy for the benefit of the two minor children until each attains age 18. All unreimbursed medical and dental expenses for the children shall be shared equally by the plaintiff and defendant. The provisions of Connecticut General Statutes Section 46b-84 (c) are to apply. If, however, plaintiff wife obtains employment whereby medical health insurance coverage becomes available at no cost, she will provide same and defendant husband will be relieved of his obligation to continue the existing policy.
13. The defendant husband shall continue to maintain his current $30,000.00 life insurance policy with the Golden rule naming the minor children as sole irrevocable beneficiaries until each attains age 18.
14. Defendant husband shall continue to provide medical health insurance coverage equivalent to the policy presently in CT Page 10343 force for the benefit of the plaintiff wife for a period of three (3) years, unless plaintiff wife secures employment which provides medical health insurance coverage to her at no cost, in which case, defendant husband is relieved of his obligation to continue the existing coverage. If plaintiff wife obtains employment within the three (3) year period which provides medical health insurance coverage at a cost that is less than the husband's cost and, if the policy has coverage equivalent to the existing policy, husband shall have the option to either continue the current coverage or assume wife's lesser cost for the remainder of the three (3) year period.
15. A wage withholding is ordered pursuant to Section 52-362, Connecticut General Statutes.
Counsel for the plaintiff shall prepare the judgment file.
HARRIGAN, J.